**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:05CV-00011-JHM**

RICHARD E. STINNETT                                            PETITIONER

VS.

PATTI WEBB, Warden                                            RESPONDENT

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### BACKGROUND

Petitioner, *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with a supporting memorandum and attached exhibits (DN 1).   The district judge conducted a preliminary review and ordered petitioner explain in a supplemental memorandum how he exhausted available State court remedies as to Grounds 2, 3, and 4 set forth in his petition (DN 6).  The district judge then referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) (DN 6).

Petitioner filed a supplemental memorandum (DN 7-8).  Respondent has filed an answer and legal memorandum (DN 13).  The district judge referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) (DN 6).  The issues raised by the petitioner are fully developed and this matter is ripe for determination.

### FINDINGS OF FACT

In January of 2001, a Grand Jury in Warren County, Kentucky indicted petitioner,

Richard E. Stinnett ("Stinnett"), for second-degree burglary, a felony; first-degree criminal mischief, a felony; misdemeanor theft; and being a second-degree persistent felony offender (DN 13, Record on Appeal Volume I at 1-2).  The case was tried before a jury in the Warren Circuit Court on August 28 through August 30, 2001 (DN 13, Additional Court Documents at 124).  As to Count 1, the jury found Stinnett guilty of the lesser included offense of criminal trespass in the second degree, a misdemeanor; as to Count 2 the jury found Stinnett guilty of the lesser included offense of criminal mischief in the third degree, a misdemeanor; and as to Count 3 the jury found Stinnett guilty of the charged offense theft by unlawful taking of property valued under $300, a misdemeanor (DN 13, Additional Court Documents at 124-125).

The Warren Circuit Court then instructed the jury on the ranges of penalties and the jury retired to deliberate punishment (DN 13, Record on Appeal Volume I at 124-125).  Upon deliberating, the jury fixed Stinnett's punishment under Count 1 at 90 days in jail and a $250 fine; under Count 2 at 60 days in jail and a $125 fine; and under Count 3 at 90 days in jail and a $250 fine (DN 13, Record on Appeal Volume I at 125).  Since the jury found Stinnett guilty of misdemeanors, the Warren Circuit Court dismissed Count 4 which charged Stinnett with being a persistent felony offender in the second degree (DN 13, Record on Appeal Volume I at 127).

The trial court then orally sentenced Stinnett to serve 90 days in the county jail for criminal trespass in the second degree; 60 days in the county jail for criminal mischief in the third degree; and  90 days in the county jail for theft by unlawful taking of property under $300 (DN 13, Tape 2, 8/30/01, 04:59:45-05:00:44; DN 13, Record on Appeal Supplemental Volume I at 43).  Notably, the trial court indicated the above sentences are to be served concurrently "as required by law" (DN 13, Tape 2, 8/30/01, 05:00:11-05:00:34; DN 13, Record on Appeal Supplemental Volume

I at 43).  This sentence was not set forth in a written judgment.

On September 7, 2001, the Warren Circuit Court conducted a hearing to schedule a trial date for the escape charge that had been severed from the other charges (DN 13, Tape 3, 9/7/01, 9:47:42-10:33:00).  The trial court then sentenced Stinnett on the convictions for criminal trespass in the second degree, criminal mischief in the third degree, and theft by unlawful taking of property under $300 (DN 13, Tape 3, 9/7/01, 10:33:10).  The trial court announced that notwithstanding the statements it made "on conclusion of trial," it had decided to run consecutively the misdemeanor sentences recommended by the jury[1] (DN 13, Tape 3, 9/7/01, 10:34:16-10:34:35:00).   Thus, Stinnett's sentence increased from 90 days to 240 days in the county jail.  Notably, the trial court expressly acknowledged that it did not instruct the jury to make a recommendation regarding whether these misdemeanor sentences should be run concurrently or consecutively (DN 13, Tape 13, 9/7/01, 10:35:12-10:35:36).  The trial court advised that if there was a desire to set aside or amend this sentence then counsel should file a written motion setting forth authority in support of their position (DN 13, Tape 13, 9/7/01, 10:35:40-10:35:59).  The trial court then advised Stinnett of his right to appeal (DN 13, Tape 1, 9/7/01, 10:36:00-10:38:11).

Defense counsel orally objected to the trial court's imposition of consecutive sentences because it violated several of Stinnett's rights under the Kentucky and United States Constitutions, the rule of lenity, case law, and because the Commonwealth did not preserve the issue by objection or proposed instruction (DN 13, Tape 1, 9/7/01, 10:38:20-10:40:18).  Notably defense

---

[1]Additionally, the trial court announced the misdemeanor sentences recommended by the jury will run consecutively to any unserved portion of any sentence Stinnett was serving at the time of the commission of the misdemeanors (DN 13, Tape 3, 9/7/01, 10:34:16-10:35:00).

counsel cited <u>Cardwell v. Commonwealth</u>,[2] for the proposition that the trial court can correct a clerical error but it cannot not correct a judicial error related to the final judgment (DN 13, Tape 1, 9/7/01, 10:39:23-10:39:50).   Defense counsel indicated Stinnett would be appealing only the resentencing (DN 13, Tape 1, 9/7/01, 10:40:18-10:40:40).

On September 7, 2001, the trial judge signed a document entitled 'TRIAL-ORDER AND JUDGMENT" that sets forth the sentence orally imposed on September 7, 2001 (DN 13, Record on Appeal Volume I at 126-128).   In relevant part the judgment of conviction reads:

"In accordance with KRS 532.110(1)(b), the court ORDERS that these sentences shall be served **consecutively** for a total of 240 days."

(DN 13, Record on Appeal Volume I at 127).   The judgment of conviction was entered by the clerk of the court on September 7, 2001 (DN 13, Record on Appeal Volume 1 at 126).

On October 4, 2001, Stinnett filed a notice of appeal (DN 13, Record on Appeal Volume II at 72).   In this document Stinnett gave notice of his intent to appeal the "sentence in the above case imposed by the Trial Order and Judgment dated September 7, 2001" (DN 13, Record on Appeal Volume II at 72).

Stinnett's direct appeal brief to the Kentucky Court of Appeals raised one issue (DN 13, Brief for Appellant).   He defined the issue on appeal as follows:

"WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT RAN APPELLANT'S THREE MISDEMEANOR SENTENCES CONSECUTIVELY WITHOUT HAVING GIVEN THE JURY THE OPPORTUNITY TO MAKE THIS RECOMMENDATION, IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTIONS 2 AND 10 OF THE

---

[2]<u>Cardwell v. Commonwealth</u>, 12 S.W.3d 672 (Ky. 2000).

4

KENTUCKY CONSTITUTION, AND THE RULE OF LENITY IN
FAVOR OF APPELLANT"

(DN 13, Brief for Appellant at 6).

Citing KRS 532.055(2), Stinnett argued in the absence of a jury recommendation the trial court was required to order the sentences be served concurrently (DN 13, Brief for Appellant at 7-9). Stinnett asked that the case be remanded to the trial court with an order directing the three sentences be served concurrently (DN 13, Brief for Appellant at 9).

The Commonwealth argued Stinnett's claim was not preserved for appeal because he failed to object to the absence of an instruction that asked whether the sentences should run concurrently or consecutively to one another (DN 13, Brief for Commonwealth at 2). Alternatively, the Commonwealth argued if there was an error it was harmless (DN 13, Brief for Commonwealth at 2).

The Kentucky Court of Appeals reversed the judgment of conviction with respect to the consecutive sentences and remanded for a new sentencing hearing. Commonwealth v. Stinnett, 144 S.W.3d 829, 830 (Ky. 2004). The Court of Appeals determined the requirement in KRS 532.055(2) that the "jury shall recommend whether the sentences shall be concurrently or consecutively," did apply to Stinnett's case. Id. In reaching this conclusion the Court of Appeals relied on Commonwealth v. Philpott, 75 S.W.3d 209 (Ky. 2002) and Lawson v. Commonwealth, 85 S.W.3d 571 (Ky. 2002). Stinnett, 144 S.W.3d at 830. Additionally, the Kentucky Court of Appeals held although there was no objection to the omission of the jury instruction, review was appropriate because the trial court's error was palpable pursuant to Ky.R.Crim.P. 10.26. Stinnett, 144 S.W.3d at 830. In sum, the intermediate appellate court found that Stinnett failed to preserve the issue for appeal but it excused his procedural default because it determined manifest injustice had resulted

5

from the trial court's error.  See Ky.R.Crim.P. 10.26.

The Commonwealth moved the Supreme Court of Kentucky for discretionary review. In an order entered April 15, 2004, the Supreme Court of Kentucky granted the Commonwealth's motion (DN 13, Additional Court Documents at 75).

The Commonwealth argued that the trial court did not abuse its discretion because it sentenced Stinnett according to the statutory guidelines set forth in KRS 532.110(1)(b) (DN 13, Brief for Commonwealth at 6-11).  It asserted that KRS 532.055(2) did not apply to Stinnett's case because the misdemeanor convictions reduced the felony case to a purely misdemeanor case (DN 13, Brief for Commonwealth at 8).  The Commonwealth also argued if there was an error it did not rise to the level of being palpable (DN 13, Brief for Commonwealth at 9-11).  Alternatively, the Commonwealth argued the trial court should be allowed to correct the sentence to comply with KRS 532.110(1)(b) (DN 13, Brief for Commonwealth at 11).  However, it acknowledged due to the way Stinnett was sentenced the appearance of fairness was before the Court and it deferred to the Court on that issue (DN 13, Brief for Commonwealth at 11).

In his appellee brief, Stinnett argued the issue on appeal is whether the trial court erred as a matter of law when it ran his three misdemeanor sentences consecutively without having given the jury the opportunity to make this recommendation (DN 13, Brief of Appellee at 3, 6-7). He asserted there had been a violation of KRS 532.055(2), his right to due process of law, his right to be free from arbitrary and capricious treatment under the law, and his right under Kentucky's rule of lenity (DN 13, Brief for Appellee at 3, 6-7).  Stinnett also cited  Blakely v. Commonwealth, ___ U.S. ___ (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) in support of his argument that the jury must decide whether his sentences run consecutively or concurrently (DN 13, Brief for

6

Appellee at 8-9).  The Commonwealth reply brief responded to these arguments (DN 13, Reply Brief for Commonwealth).

The Supreme Court of Kentucky announced the "sole question presented is whether the trial judge committed error when he ran the three misdemeanor sentences of Stinnett consecutively without having given the jury the opportunity to make a recommendation."  Stinnett, 144 S.W.3d at 830.  Its recitation of the relevant facts are as follows:

> "Stinnett was indicted for second-degree burglary, first-degree criminal mischief and misdemeanor theft as well as for being a second-degree persistent felony offender.  The jury found him guilty of three misdemeanors, but no felonies.  The trial judge instructed the jury on sentencing, but did not require it to recommend whether the sentences should be concurrent or consecutive.  There was no objection to this omission.  The jury recommended a sentence of 90 days and a $250 fine for the second-degree criminal trespass; 90 days and a $250 fine for misdemeanor theft and 60 days and a $125 fine for third-degree criminal mischief.  The trial judge ordered the terms to be served consecutively for a total of 240 days.  The fines were forgiven."

Stinnett, 144 S.W.3d at 830.

The Supreme Court of Kentucky found the case was transformed into a misdemeanor case once the jury returned its verdict acquitting Stinnett of the felony offenses and convicting him only of misdemeanors.  Stinnett, 144 S.W.3d at 830.  The appellate court concluded that KRS 532.055, which applies to sentencing "in all felony cases," did not apply to Stinnett's case but KRS 532.110, which applies to sentencing in misdemeanor cases, did apply.  Stinnett, 144 S.W.3d at 830. In relevant part KRS 532.110 directs that the trial judge "shall" determine whether multiple sentences run concurrently or consecutively to one another.

The Supreme Court of Kentucky held the trial judge did not abuse his discretion because he sentenced Stinnett according to the statutory guidelines in KRS 532.110.  Stinnett, 144

7

S.W.3d at 830.  The Supreme Court of Kentucky also held since there was no error, there was no palpable error.  Id. at 831.  Further, the Supreme Court of Kentucky found "no violation of the right of Stinnett to due process, the right to be free from arbitrary and capricious treatment under the law and/or the rule regarding lenity."  Id.  The Supreme Court of Kentucky then reversed the decision of the Court of Appeals and reinstated the sentences imposed by the trial court.  Id.

Stinnett subsequently filed out of time a motion for reconsideration.  In an order entered October 29, 2004, the Supreme Court of Kentucky advised Stinnett that the motion was an unauthorized pleading under CR 79.06(6) and, as a result, was being returned to Stinnett (DN 13, Notice of Unauthorized Pleading from the Supreme Court of Kentucky).

<u>CONCLUSIONS OF LAW</u>

Since Stinnett filed his petition for writ of habeas corpus on February 2, 2005 (DN 1), review of the State court decisions regarding his claims is governed by Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996) ("AEDPA").  <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997).  As to each claim made by Stinnett, the Court must first determine whether a constitutional right has been violated.  <u>Williams v. Taylor</u>, 529 U.S. 362, 367 (2000).  If the answer is in the affirmative and the State court adjudicated the claims on their merits, then this Court must employ the standard of review set forth in 28 U.S.C. § 2254(d) to determine whether to grant the petition for writ of habeas corpus.  <u>Williams</u>, 529 U.S. at 367, 402-403, 412-413.  As amended, by Chapter 153 of AEDPA, § 2254(d) provides as follows:

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

8

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) Resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding."

Under the "contrary to" clause of § 2254(d)(1), the Court may grant the writ if "the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] ... on a question of law or if the state court decides a case differently than ...[the Supreme Court] ... has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-413. Under the "unreasonable application" clause of § 2254(d)(1), the Court may grant the writ if "the state court identifies the correct governing principle from ... [the Supreme Court's] ... decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. To meet this standard the State court's application of clearly established federal law must be more than incorrect, it must be objectively unreasonable. Id. at 409-411. In sum, § 2254(d), as amended by Chapter 153 of AEDPA, places a new constraint on the power of the Court to grant a petition for writ of habeas corpus as to constitutional claims adjudicated on the merits in the state courts. Williams, 529 U.S. at 412.

The petition sets forth five separate grounds for relief (DN 1, Petition at 5-6 and Attachment Page 9-18). In some instances a ground for relief sets forth more than one claim.

A

In Ground 1 Stinnett claims the "sentencing error" by the trial judge is unconstitutional and was intentional, not a mistake (DN 1, Petition at 5 and Attachment at 9).

Stinnett argues his original sentence increased from 90 to 240 days as a result of the resentencing (DN 1, Attachment at 9). The undersigned construes Ground 1 as an attempt by a *pro se* petitioner to assert the claim his appellate counsel presented to the State courts on direct appeal. To the extent that Ground 1 is an attempt by Stinnett to assert a claim different from the claim asserted by appellate counsel on direct appeal, federal review of such a claim is not available because Stinnett is procedurally barred from presenting such a claim in Kentucky's appellate courts, Bronston v. Commonwealth, 481 S.W.2d 666, 667 (Ky. 1972), and he has not made a showing of cause and prejudice to excuse his procedural default in the state courts. Reed v. Farley, 512 U.S. 339, 353-355 (1994). For this reason, the undersigned will look to the argument raised on direct appeal for guidance in fleshing out the claim Stinnett is attempting to assert in his § 2254 petition.

On direct appeal, counsel argued KRS 532.055 created a right to have the jury recommend whether multiple sentences run concurrently or consecutively. Counsel asserted that the trial court violated this jury right when it sentenced Stinnett to serve the three misdemeanor sentences consecutively. Counsel argued the trial court's violation of this jury right amounted to a violation of Stinnett's right to due process of law under the Fourteenth Amendment to the United States Constitution, a violation of his rights under Sections 2, 7, and 10 of the Kentucky Constitution, a violation of his right to be free of arbitrary and capricious treatment under Kentucky law, and a violation of the rule of lenity under Kentucky law.

To the extent Stinnett is alleging a violation of Sections 2, 7, and 10 of the Kentucky Constitution, violation of his right under Kentucky law to be free of arbitrary and capricious treatment, and a violation of Kentucky's rule of lenity, these claims are not cognizable in federal habeas corpus proceedings. Jurisdiction of the Court in this matter is limited to deciding whether

there has been a violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).

Whether the trial court's sentencing of Stinnett violated KRS 532.055(2) is a State law question.  To the extent Stinnett's argument is based on State law, he has failed to state a claim upon which relief may be granted in a federal habeas proceeding.  28 U.S.C. § 2254(a);  Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  Notwithstanding, the Supreme Court of Kentucky determined that KRS 532.055(2) did not apply to sentencing in Stinnett's case because the jury convicted him of only misdemeanors.  Commonwealth v. Stinnett, 144 S.W.3d 829, 830-831 (Ky. 2004).  The Supreme Court of Kentucky held that KRS 532.110 did apply to sentencing in Stinnett's case and the trial judge did not abuse his discretion because he sentenced Stinnett according to the statutory guidelines in that statute.  Commonwealth v. Stinnett, 144 S.W.3d 829, 830-831 (Ky. 2004).  In essence, the Supreme Court of Kentucky concluded there was no sentencing error by the trial judge. The ruling of the Supreme Court of Kentucky on this State law question is binding on the federal courts.  Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions").  Thus, there is no violation of an underlying State jury right upon which Stinnett can base his due process claim.  For this reason, Stinnett has not stated a valid claim of the denial of his due process right under the Fourteenth Amendment.

In Slack v. McDaniel, the Supreme Court established a single prong test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on the merits.  529 U.S. 473, 484 (2000).  Essentially, Stinnett must demonstrate that reasonable jurists would find it debatable whether he has stated a valid claim of the denial of a constitutional right.

11

Id.  For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Ground 1 states a valid claim of the denial of a constitutional right.  Thus, the undersigned does not recommend issuance of a Certificate of Appealability as to Ground 1.

B

In Ground 2 Stinnett claims that the Commonwealth throughout the entire appellate process before the Kentucky Court of Appeals and Kentucky Supreme Court, "with full knowledge and intent, did misrepresent the true facts as they occurred, admitted evidence that had been restricted, and omitted vital 'issues', while introducing issues of diversion to mislead the court" (DN 1, Petition at 6 and Attachment at 10) (emphasis in the original).  Stinnett then identifies specific incidents that support his general claim (DN 1, Attachment at 10-11).  Stinnet did not present this claim to the Kentucky appellate courts on direct appeal.

Since Stinnett did not present this claim on direct appeal in the State courts and he is now procedurally barred from doing so, Bronston v. Commonwealth, 481 S.W.2d 666, 667 (Ky. 1972), federal review of his claim is barred absent a showing of cause and prejudice.  Reed v. Farley, 512 U.S. 339, 353-355 (1994).  Assuming that the second ineffective assistance of appellate counsel claim in Ground 5 is an attempt to show "cause," for the reasons set forth in Section E the undersigned concludes Stinnett has failed to make such a showing.  For this reason, federal review of the claim in Ground 2 is barred.

In Slack v. McDaniel, the Supreme Court established a two-prong test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds.  529 U.S. 473, 484-485 (2000).  To satisfy the first prong of the test, Stinnett

12

must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484.  To satisfy the second prong, Stinnett must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.  Notably, the Court need not conduct the two-prong inquiry in the order identified or even address both parts if Stinnett makes an insufficient showing on one part. Id. at 484.  For example, if the Court determines Stinnett failed to satisfy the procedural prong then it need not determine whether the constitutional prong is satisfied. Id.

   For the reasons set forth above, the undersigned concludes that a plain procedural bar is present and jurists of reason would not find it debatable whether Stinnett procedurally defaulted the claim in Ground 2. Id. at 484-485.  Further,  jurists of reason would not find it debatable whether Stinnett has failed to show "cause" and "prejudice" to excuse his procedural default.  For these reasons, the undersigned does not recommend issuance of a Certificate of Appealability as to the claim in Ground 2.

C

   In Ground 3 Stinnett sets forth several claims of ineffective assistance of appellate counsel (DN 1, Petition at 6 and Attachment at 12-14).  Stinnett argues he received ineffective assistance because (1) appellate counsel focused only on the jury instruction argument, overlooking the fact that the second sentence was much harsher than the sentence originally imposed on August 30, 2001; (2) appellate counsel should have objected to any mention of the severed escape charge in proceedings before the Kentucky Supreme Court; (3) appellate counsel set forth false and extremely prejudicial statements in the appellate briefs; (4) appellate counsel failed to rebut the

13

Commonwealth's argument that KRS 532.055(2) did not apply to the case; (5) appellate counsel became preoccupied with the Commonwealth's motion to depublish; (6) appellate counsel failed to move the Supreme Court of Kentucky to reconsider on the grounds its ruling was contrary to previous opinions by Justice Wintersheimer; and (7) by the time Stinnett realized appellate counsel would not be filing a motion for reconsideration he was unable to timely prepare and file such a motion (DN 1, Attachment at 12-14).

These claims were not raised in the State courts.  However, under Kentucky law there is no appropriate way to present a claim of ineffective assistance of appellate counsel once the direct appeal is completely processed and the judgment affirmed.  Hicks v. Commonwealth, 825 S.W.2d 280, 281 (Ky. 1992); Commonwealth v. Wine, 694 S.W.2d 689, 694-695 (Ky. 1985).  Thus, Stinnett had no method under Kentucky law to present the above claims of ineffective assistance of appellate counsel.  Hicks, 825 S.W.2d at 281; Wine, 694 S.W.2d at 694-695.  Consequently, this Court will address the merits of his ineffective assistance of appellate counsel claims.  Thornhill v. O'Dea, 1994 WL 105954, *1 (6th Cir. 1994) (Unpublished opinion).

In Strickland v. Washington, the Supreme Court established a two-prong test that is used to determine whether a defendant has been deprived of a fair trial as a result of errors by counsel.  466 U.S. 668, 687 (1984).  To satisfy the first prong of the test, a defendant must demonstrate that counsel's "representation fell below an objective standard of reasonableness."  Id. at 687, 688, 690.  In assessing counsel's performance the Court must make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time it occurred.  Id. at 689-690.  Thus, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (citation

14

omitted).

To satisfy the second prong of the <u>Strickland</u> test, a defendant must demonstrate he has been prejudiced by the alleged deficient performance. <u>Id.</u> at 687. To do so, a defendant must show that there is a "reasonable probability" that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Id.</u> at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." <u>Id.</u>

The Court need not conduct the two-prong inquiry in the order identified or even address both parts if a defendant makes an insufficient showing on one part. <u>Id.</u> at 697. For example, if the Court determines a defendant failed to satisfy the prejudice prong then it need not determine whether counsel's performance was deficient. <u>Id.</u> Additionally, the two-prong test enunciated in <u>Strickland</u> applies to claims of ineffective assistance of appellate counsel. <u>Smith v. Murray</u>, 477 U.S. 527, 536 (1986).

1

Stinnett claims he received ineffective assistance because appellate counsel focused only on the jury instruction argument (DN 1, Attachment at 12). Stinnett believes the major issue in this case is his being "<u>sentenced by and before a jury</u>, and later (8 days), re-sentenced to an extremely harsher sentence <u>in a closed proceeding</u>..." (DN 1, Attachment at 12) (emphasis in original). Stinnett argues appellate counsel should have pursued this issue on appeal (DN 1, Attachment at 12). It is not clear what Stinnett means by a "closed proceeding." Both he and his counsel were present during the sentencing on September 7, 2001. Further, there is no indication that members of the general public were excluded from attending the proceeding.

15

On August 30, 2001, the trial judge orally ordered that the misdemeanor sentences be served concurrently "as required by law" (DN 13, Tape 2, 8/30/01, 05:00:11-05:00:34). Apparently, the trial judge believed he was required by Kentucky law to run the sentences concurrently because the jury had not rendered a verdict on the issue. By September 7, 2001, the trial judge concluded that KRS 532.110(1)(b) gave him the discretion to decide whether the sentences should run concurrently or consecutively, (DN 13, Tape 3, 9/7/01, 10:34:16-10:35:36; DN 13, Record on Appeal Volume I at 127). For this reason, the trial judge ordered Stinnett's misdemeanor sentences be served consecutively (DN 13, Tape 3, 9/7/01, 10:34:16-10:35:36; DN 13, Record on Appeal Volume I at 127). Clearly, the sentence imposed on September 7, 2001, corrected a judicial error rather than a clerical error. Viers v. Commonwealth, 52 S.W.3d 527, 529 (Ky. 2001); Cardwell v. Commonwealth, 12 S.W.3d 672, 674-675 (Ky. 2000).

Stinnett argues the sentence imposed on August 30, 2001, is a final sentence and it cannot be changed. Thus, Stinnett views the August 30, 2001, sentence as being akin to a final judgment (DN 1, Memorandum at 6).

Under Kentucky law in the ten days that follow entry of judgment the trial court retains jurisdiction to alter, amend or vacate that judgment. Commonwealth v. Marcum, 873 S.W.2d 207, 211 (Ky. 1994) (citing Ky.R.Crim.P. 10.02 and Ky.R.Civ.P. 59.05); Silverburg v. Commonwealth, 587 S.W.2d 241, 244 (Ky. 1979). Additionally, Ky.R.Civ.P. 52.02 in relevant part reads as follows:

> "Not later than 10 days after entry of judgment the court of its own initiative, or on the motion of a party made not later than 10 days after entry of judgment, may amend its findings or make additional findings and may amend the judgment accordingly."

Thus, if the original sentence had been set forth in a judgment and if it had been entered by the clerk

16

on August 30, 2001, then the trial court would still have retained jurisdiction to amend the judgment through September 9, 2001.   In sum, under Kentucky law the trial court had jurisdiction on September 7, 2001, to increase Stinnett's sentence because of judicial error in the original sentencing.

In the context of a defendant receiving a harsher sentence on retrial, the Due Process Clause is offended if vindictiveness plays any part in the decision to impose the harsher sentence. Wasman v. United States, 468 U.S. 559, 568 (1984); North Carolina v. Pearce, 395 U.S. 711, 725 (1969);  United States v. Jackson, 181 F.3d 740, 744 (6th Cir. 1999).   A presumption of vindictiveness will arise only if there is a "reasonable likelihood" that an unexplained increase in sentence is the product of "actual vindictiveness" on the part of the sentencing court.   Alabama v. Smith, 490 U.S. 794, 799 (1989).   Where there is no such reasonable likelihood, the burden is on the defendant to prove actual vindictiveness.   Smith, 490 U.S. at 799-800; Jackson, 181 F.3d at 744. The harsher sentence will be upheld if the trial court provides a logical, nonvindictive reason for its sentence.  Jackson, 181 F.3d at 746; Gauntlett v. Kelley, 849 F.2d 213, 217 (6th Cir. 1988).   Here, the trial judge provided a logical, nonvindictive reason for increasing Stinnett's sentence on September 7, 2001.   Therefore, the undersigned concludes the Due Process Clause has not been offended.

In light of the above analysis, Stinnett has not rebutted the presumption that under the circumstances, the failure to raise his claim may have been sound appellate strategy.  Strickland, 466 U.S. at 689; Smith, 477 U.S. at 536 (effective appellate advocacy involves discarding weaker arguments in favor of those more likely to prevail).   Further, Stinnett has not made any effort to demonstrate there is a "reasonable probability" that, but for appellate counsel's failure to raise such

17

a claim, the result of the appeal would have been different.  Strickland, 466 U.S. at 694.

Alternatively, for the reasons set forth above, Stinnett cannot satisfy the prejudice prong under

Strickland.  In sum, Stinnett's claim of ineffective assistance of counsel fails because he has not

satisfied both prongs of the Strickland test.

For the reasons set forth above, the undersigned is confident that jurists of reason

would not find it debatable whether Stinnet has stated a valid claim of the denial of a constitutional

right.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Thus, the undersigned does not recommend

issuance of a Certificate of Appealability as to this first claim of ineffective assistance of appellate

counsel in Ground 3.

2

Next, in Ground 3 Stinnett claims appellate counsel should have objected to any

mention of the escape charge in proceedings before the Kentucky Supreme Court.  He points out that

the trial court severed this charge from the other charges because of the likelihood of extreme

prejudice.  Stinnett reasons if there was a likelihood of extreme prejudice at the trial court level the

same must be true at the appellate court level.

Clearly, Stinnett misunderstands why the trial court granted his motion to severe the

escape charge from the other charges and granted his motion in limine to exclude any reference to

the escape charge in the trial on the other charges.  The trial court was thinking about the effect on

jurors when it concluded Stinnett would be unduly prejudiced by having the escape charge tried with

the charges of second-degree burglary, first-degree criminal mischief, and misdemeanor theft (DN

13, Record on Appeal Volume I at 62-63, 84-85).  The trial court was also thinking about the effect

18

on jurors when it concluded the relevance of the escape charge was greatly outweighed by the danger of undue prejudice (DN 13, Record on Appeal Volume I at 62-63, 84-85).  Since justices, not jurors, render decisions of the Supreme Court of Kentucky, Stinnett's concerns are misplaced.

For this reason, Stinnett has not rebutted the presumption that under the circumstances, the failure to raise this objection may have been sound appellate strategy.  Strickland, 466 U.S. at 689; Smith, 477 U.S. at 536 (effective appellate advocacy involves discarding weaker arguments in favor of those more likely to prevail).  Further, Stinnett has not made any effort to demonstrate there is a "reasonable probability" that, but for appellate counsel's failure to object to mention of the escape charge, the result of the appeal would have been different.  Strickland, 466 U.S. at 694.  In sum, Stinnett's claim of ineffective assistance of counsel fails because he has not satisfied both prongs of the Strickland test.

For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Stinnet has stated a valid claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Thus, the undersigned does not recommend issuance of a Certificate of Appealability as to his second claim of ineffective assistance of appellate counsel in Ground 3.

3

Next in Ground 3 Stinnett argues he received ineffective assistance because appellate counsel set forth false and extremely prejudicial statements in the appellate briefs.  The statements he refers to are "...Stinnett unlawfully entered a cabin belonging to Thomas Lewis...Thomas Lewis is a Circuit Court Judge in Warren County" (DN 1, Attachment at 13).  Stinnett argues during trial

it was proven that Thomas Lewis lied about owning the cabin and several other claims he made on the stand (DN 1, Attachment at 13).

In relevant part appellate counsel wrote as follows:

> "The indictment rendered charged Stinnett with Burglary in the Second Degree, Criminal Mischief First Degree, Theft by Unlawful Taking under $300, and being a Persistent Felony Offender in the Second Degree.  (T.R. Vol. I, p.1-2) The incidents allegedly occurred when Stinnett unlawfully entered a cabin belonging to Thomas Lewis, drank several bottles of wine, wiskey, and vodka, and stole some miscellaneous items from the cabin.  The complaining witness, Thomas Lewis, is a circuit court judge in Warren County."

(DN 13, Brief for Appellant at 4 and Brief for Appellee at 3).  The second sentence in the block quotation above merely provides background regarding what the Commonwealth alleged in its indictment (DN 13, Record on Appeal Volume I at 1).  The third sentence provides general information about Thomas Lewis.  The information that Stinnett complains about is in the record.  Thus, these statements are not false and they are not extremely prejudicial to Stinnett.

For these reasons, Stinnett has failed to demonstrate that counsel's performance was objectively deficient.  Strickland, 466 U.S. at 689-690.  Further, Stinnett has not demonstrated there is a "reasonable probability" that, but for the counsel's decision to include these statements in the briefs, the result of Stinnett's appeal would have been different.  Strickland, 466 U.S. at 694.  In sum, Stinnett's claim of ineffective assistance of counsel fails because he has not satisfied both prongs of the Strickland test.

For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Stinnet has stated a valid claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Thus, the undersigned does not recommend issuance of a Certificate of Appealability as to his third claim of ineffective assistance of appellate

counsel in Ground 3.

4

Next in Ground 3 Stinnett argues he received ineffective assistance because appellate counsel failed to rebut the Commonwealth's argument that KRS 532.055(2) did not apply to the case (DN 1, Attachment at 13-14).   Stinnett contends there are rules and statutes to render the Commonwealth's argument meritless and appellate counsel failed to cite them in the appellate briefs (DN 1, Attachment at 14).

Whether KRS 532.055(2) applied to Stinnett's case is a state law question.   The Supreme Court of Kentucky determined that KRS 532.055(2) did not apply to sentencing in Stinnett's case because the jury convicted him of only misdemeanors.   <u>Commonwealth v. Stinnett</u>, 144 S.W.3d 829, 830-831 (Ky. 2004).   The ruling of the Supreme Court of Kentucky on this state law question is binding on the federal courts.   <u>Wainwright v. Goode</u>, 464 U.S. 78, 84 (1983) (per curiam); <u>see</u> <u>also</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions").   Thus, KRS 532.055(2) does not apply to the case.

For these reasons, Stinnett has failed to demonstrate that counsel's performance was objectively deficient.   <u>Strickland</u>, 466 U.S. at 689-690.   Further, Stinnett cannot demonstrate there is a "reasonable probability" that, but for the counsel's failure to cite certain rules and statutes in the briefs, the result of Stinnett's appeal would have been different.   <u>Strickland</u>, 466 U.S. at 694.   In sum, Stinnett's claim of ineffective assistance of counsel fails because he has not satisfied both prongs of the <u>Strickland</u> test.

For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Stinnet has stated a valid claim of the denial of a constitutional right.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Thus, the undersigned does not recommend issuance of a Certificate of Appealability as to his fourth claim of ineffective assistance of appellate counsel in Ground 3.

5

Next in Ground 3 Stinnett argues upon reaching the Supreme Court of Kentucky his appellate counsel "gave the impression of <u>preoccupation</u> with the Commonwealth's '<u>motion to de-publish' the opinion, more than the outcome</u> of the case" (DN 1, Attachment at 14) (emphasis in original).  Apparently, Stinnett believes he received ineffective assistance because counsel was not focusing on the outcome of the case.

Stinnett's bare assertion is not sufficient to demonstrate appellate counsel's "representation fell below an objective standard of reasonableness."  <u>Strickland</u>, 466 U.S. at 687, 688, 690.  Further, Stinnett cannot demonstrate there is a "reasonable probability" that, but for the counsel's alleged preoccupation with the Commonwealth's motion, the result of Stinnett's appeal would have been different.  <u>Strickland</u>, 466 U.S. at 694.  In sum, Stinnett's claim of ineffective assistance of counsel fails because he has not satisfied both prongs of the <u>Strickland</u> test.

For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Stinnet has stated a valid claim of the denial of a constitutional right.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Thus, the undersigned does not recommend issuance of a Certificate of Appealability as to his fifth claim of ineffective assistance of appellate

counsel in Ground 3.

6

Next in Ground 3, Stinnett contends he received ineffective assistance because appellate counsel failed to move the Supreme Court of Kentucky to reconsider its unfavorable ruling in this case (DN 1, Attachment at 14). Stinnett believes appellate counsel should have argued that Justice Wintersheimer's opinion in this case was contrary to his previous rulings "pertaining to the same subject matter" (DN 1, Attachment at 14). He also cites part of the commentary to KRS 532.090 in support of his position (DN 1, Memorandum at 7). According to Stinnett, appellate counsel "in essence, abandoned the appellant before the available remedies were exhausted, accepting pre-mature defeat" (DN 1, Attachment at 14).

In support of his argument Stinnett cites Stoker v. Commonwealth, 828 S.W.2d 619, 628 (Ky. 1992) in which Justice Wintersheimer joined the dissent of Justice Spain (DN 1, Memorandum in support at 13). The defendant in Stoker was found guilty of more than two felony offenses and challenged the wording of the jury instruction given under KRS 532.055(2). Id. at 626-628. Here, the Supreme Court of Kentucky held that KRS 532.055(2) does not apply to Stinnett's case because he was convicted of misdemeanors. Stinnett, 144 S.W.3d at 830-831. Thus, Stinnett's reliance on Stoker is misplaced because it is distinguishable from Stinnett's case on both the facts and law.

Stinnett also cites Justice Wintersheimer's opinion in Wilson v. Commonwealth, 765 S.W.2d 22 (Ky. 1989) (DN 7 at 12). In Wilson the defendant was convicted of the felony, wanton murder, and the Supreme Court of Kentucky held that Wilson had a statutory right to be sentenced

23

by a jury after his original sentence was reversed on appeal.  Id. at 22.  The Supreme Court of

Kentucky relied on KRS 29A.270(1), Ky.R.Crim.P. 9.84(1), and KRS 532.055(2) in reaching its

holding.  Wilson, 765 S.W.2d at 22.  Here, the Supreme Court of Kentucky held that KRS

532.055(2) does not apply to Stinnett's case because he was convicted of misdemeanors.  Stinnett,

144 S.W.3d at 830-831.  Thus, Stinnett's reliance on Wilson is misplaced because it is

distinguishable from Stinnett's case on both the facts and law.

As previously mentioned, Stinnett also cites the commentary to KRS 532.090 (DN

1, Memorandum at 7).  This statute sets forth the maximum terms of imprisonment for Class A and

Class B misdemeanors.  The commentary to KRS 532.090 reads as follows:

> "KRS 532.090 provides the sentencing process for misdemeanor offenses. The
> principal difference in this process and the one provided by KRS 532.060 for felony
> offenses is the substitution of definite terms of imprisonment for indeterminate ones.
> No change is made in the pre-existing law with respect to the relative functions of
> judge and jury in assessing penalties for misdemeanors. It is contemplated that the
> jury will assess the penalty in cases tried before a jury and that the judge will assess
> the penalty in cases tried without a jury. This is consistent with the provisions
> contained in Rule 9.84 of the Rules of Criminal Procedure."

Stinnett argues this commentary along with Ky.R.Crim.P. 9.84, KRS 29A.270, and KRS 532.055(2)

confirm that the trial court violated his statutory right to have the jury decide whether his

misdemeanor sentences should be served concurrently or consecutively to one another (DN 1,

Memorandum at 7).

Unquestionably under KRS 29A.270(1) Stinnett had a statutory right to a jury trial.

However, the Supreme Court of Kentucky has already held KRS 532.055(2) did not apply to Stinnett

because the jury convicted him of only misdemeanors.  Commonwealth v. Stinnett, 144 S.W.3d 829,

830-831 (Ky. 2004).  This ruling by the Supreme Court of Kentucky on a state law question is

binding on the federal courts.  Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam); see also

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions").

Neither KRS 532.090 nor the commentary to the statute provide Stinnett with a statutory right to have a jury recommend whether his misdemeanor sentences shall be served concurrently or consecutively.  At best, the commentary refers the reader to Ky.R.Crim.P. 9.84.

In relevant part, Ky.R.Crim.P. 9.84 reads as follows:

"(1) When the jury returns a verdict of guilty it shall fix the degree of the offense and the penalty except that the court may fix the penalty (a) in cases where the penalty is fixed by law and (b) in cases where the court is otherwise authorized by law to fix the penalty."

Here, the Supreme Court of Kentucky held that KRS 532.110 otherwise authorized the trial court to determine whether Stinnett's misdemeanor sentences shall run concurrently or consecutively. Stinnett, 144 S.W.3d at 831.  Thus, there is no basis in law for Stinnett's claim that he has a State statutory right to have the jury recommend whether the misdemeanor sentences shall be served concurrently or consecutively.

For the reasons set forth above, Stinnett's perceived basis for filing a motion for reconsideration is both factually and legally flawed.  Thus, he cannot demonstrate appellate counsel's "representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687, 688, 690.  Further, Stinnett cannot demonstrate there is a "reasonable probability" that, but for the counsel's alleged failure to move for reconsideration, the result of the appeal would have been different.  Strickland, 466 U.S. at 694.  In sum, Stinnett's claim of ineffective assistance of counsel fails because he has not satisfied both prongs of the Strickland test.

For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Stinnet has stated a valid claim of the denial of a constitutional

right.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Thus, the undersigned does not recommend issuance of a Certificate of Appealability as to his sixth claim of ineffective assistance of appellate counsel in Ground 3.

7

Finally, in Ground 3 Stinnett argues by the time he realized appellate counsel would not be filing a motion for reconsideration with the Supreme Court of Kentucky it was too late for him to obtain the assistance of an inmate legal aide, prepare and timely file a *pro se* motion for reconsideration (DN 1, Attachment at 14).  Stinnett asserts counsel "quit" before this available remedy was exhausted (DN 1, Attachment at 14).

For the reasons set forth in subsection 6, Stinnett's perceived basis for filing a motion for reconsideration is factually and legally flawed.  Thus, he cannot demonstrate appellate counsel's failure to pursue a motion to reconsider is representation that "fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 687, 688, 690.  Further, Stinnett cannot demonstrate there is a "reasonable probability" that, but for the counsel's alleged failure to move for reconsideration, the result of Stinnett's appeal would have been different.  Strickland, 466 U.S. at 694.  In sum, Stinnett's claim of ineffective assistance of counsel fails because he has not satisfied both prongs of the Strickland test.

For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Stinnet has stated a valid claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Thus, the undersigned does not recommend issuance of a Certificate of Appealability as to his seventh claim of ineffective assistance of

26

appellate counsel in Ground 3.

D

In Ground 4 Stinnett claims the events which produced the consecutively run sentences  are violations of his rights under the Kentucky and United States Constitutions (DN 1, Petition at 6 and Attachment at 15).  Stinnett argues that Justice Wintersheimer's opinion condoning the trial court's sentencing error defies Kentucky's statutorily created right to have a sentence set by a jury (DN 1, Attachment at 15).  Stinnett asserts Justice Wintersheimer's opinion amounts to palpable error in light of his earlier rulings on the same subject matter (DN 1, Attachment at 15). Essentially, Stinnett is arguing the opinion rendered by Justice Wintersheimer has caused multiple violations of Kentucky statutes, violations of several State constitutional rights and violations of his rights under the Sixth, Seventh, and Fourteenth Amendments to the United States Constitution (DN 1, Attachment at 15).

Since Stinnett did not present this claim on direct appeal in the State courts and he is now procedurally barred from doing so, Bronston v. Commonwealth, 481 S.W.2d 666, 667 (Ky. 1972), federal review of his claim is barred absent a showing of cause and prejudice.  Reed v. Farley, 512 U.S. 339, 353-355 (1994).  Stinnett has not made such a showing.  For this reason, federal review of the claim in Ground 4 is barred.

In Slack v. McDaniel, the Supreme Court established a two-prong test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds.  529 U.S. 473, 484-485 (2000).  To satisfy the first prong of the test, Stinnett must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim

27

of the denial of a constitutional right." Id. at 484.  To satisfy the second prong, Stinnett must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.  Notably, the Court need not conduct the two-prong inquiry in the order identified or even address both parts if Stinnett makes an insufficient showing on one part. Id. at 484.  For example, if the Court determines Stinnett failed to satisfy the procedural prong then it need not determine whether the constitutional prong is satisfied. Id.

For the reasons set forth above, the undersigned concludes that a plain procedural bar is present and jurists of reason would not find it debatable whether Stinnett procedurally defaulted the claim in Ground 4. Id. at 484-485.  Further,  jurists of reason would not find it debatable whether Stinnett has failed to show "cause" and "prejudice" to excuse his procedural default.  For these reasons, the undersigned does not recommend issuance of a Certificate of Appealability as to the claim in Ground 4.

E

In Ground 5 Stinnett claims his due process rights under the Fourteenth Amendment to the United States Constitution have been denied because of ineffective assistance of appellate counsel (DN 1, Petition at 6 and Attachment at 16-18).  Stinnett alleges he received ineffective assistance of counsel because (1) appellate counsel failed to move the Supreme Court of Kentucky to reconsider its ruling on the grounds it was contrary to previous opinions by Justice Wintershiemer; and (2) appellate counsel failed to "defend against the state's accusations" (DN 1, Attachment at 16-18).

These claims were not raised in the State courts.  However, under Kentucky law there

is no appropriate way to present a claim of ineffective assistance of appellate counsel once the direct appeal is completely processed and the judgment affirmed. Hicks v. Commonwealth, 825 S.W.2d 280, 281 (Ky. 1992); Commonwealth v. Wine, 694 S.W.2d 689, 694-695 (Ky. 1985). Thus, Stinnett had no method under Kentucky law to present the above claims of ineffective assistance of appellate counsel. Hicks, 825 S.W.2d at 281; Wine, 694 S.W.2d at 694-695. Consequently, this Court should address the merits of his claims. Thornhill v. O'Dea, 1994 WL 105954, *1 (6th Cir. 1994) (Unpublished opinion).

The first allegation of ineffective assistance of counsel in Ground 5 is essentially the same as the sixth allegation of ineffective assistance of counsel in Ground 3. In both instances Stinnett alleges he received ineffective assistance because appellate counsel failed to move the Supreme Court of Kentucky to reconsider its unfavorable ruling in this case (Compare DN 1, Attachment at page 14 with pages 16-18). In essence, Stinnett's perceived basis for filing a motion for reconsideration is factually and legally flawed.

For the reasons set forth above, Stinnett cannot demonstrate appellate counsel's "representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687, 688, 690. Further, Stinnett cannot demonstrate there is a "reasonable probability" that, but for the counsel's alleged failure to move for reconsideration, the result of Stinnett's appeal would have been different. Strickland, 466 U.S. at 694. In sum, Stinnett's claim of ineffective assistance of counsel fails because he has not satisfied both prongs of the Strickland test.

For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Stinnet has stated a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, the undersigned does not recommend

issuance of a Certificate of Appealability as to his first claim of ineffective assistance of appellate counsel in Ground 5.

Next in Ground 5 Stinnett claims he received ineffective assistance of counsel because appellate counsel failed to "defend against the state's accusations" (DN 1, Attachment at 16-18). Apparently Stinnett is referring to everything in the Commonwealth's appellate briefs that he takes exception with in his supporting memorandum (DN 1, Attachment at 16; DN 1, Memorandum in Support of Petition at 6-17).

Stinnett has not rebutted the presumption that under the circumstances, the failure to object to everything in the Commonwealth's appellate briefs that Stinnett disagreed with may have been sound appellate strategy. Strickland, 466 U.S. at 689; Smith, 477 U.S. at 536 (effective appellate advocacy involves discarding weaker arguments in favor of those more likely to prevail). Further, Stinnett has not demonstrated there is a "reasonable probability" that, but for appellate counsel's failure to make these objections, the result of the appeal would have been different. Strickland, 466 U.S. at 694. In sum, Stinnett's claim of ineffective assistance of counsel fails because he has not satisfied both prongs of the Strickland test.

For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Stinnet has stated a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, the undersigned does not recommend issuance of a Certificate of Appealability as to his second claim of ineffective assistance of appellate counsel in Ground 5.

RECOMMENDATION

30

For the foregoing reasons, it is recommended that Stinnett's petition for writ of habeas corpus be DENIED and that a Certificate of Appealability be DENIED as to each claim asserted in the petition.

<u>NOTICE</u>

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be mailed to all parties.  Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be filed within ten (10) days or further appeal is waived.  <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, U.S. 140 (1984).  Counsel will please forward a copy of any objections to the undersigned Magistrate Judge at 126 United States Courthouse, 423 Frederica Street, Owensboro, Kentucky 42301.

31

Copies:      Petitioner, *pro se*
              Counsel of Record